UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTHONY DAVIS,

      Petitioner,

v.                                      CASE NO.:   5:24-cv-542-JLB-PRL

WARDEN, FCC COLEMAN - CAMP,

      Respondent.
_____/

## OPINION AND ORDER

Pending before the Court is Petitioner Anthony Davis's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner alleges the Federal Bureau of Prisons ("BOP") has incorrectly determined he is ineligible to receive the benefits of earned time credits under the First Step Act ("FSA"). (Doc. 1 at 6). In its response, Respondent contends the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies or, alternatively, denied because Petitioner is ineligible for earned time credits due to his conviction, as he is serving a single, aggregate sentence that includes an ineligible offense. (Doc. 7). Petitioner filed a reply. (Doc. 8). The matter is ripe for review.

### BACKGROUND

Petitioner is serving four separate sentences imposed at different times in two federal courts. First, in March 2016, Petitioner was sentenced in the United States District Court for the Western District of Tennessee to a 108-month term of imprisonment for two counts of wire fraud, in violation of 18 U.S.C. § 1343. See

United States v. Davis, No. 2:15-cr-20284, Doc. 20 (W.D. Tenn.).  Second, in August 2019, Petitioner was sentenced in the Western District of Tennessee to an aggregate 81-month term of imprisonment, consecutive to the previous term, for three counts of conspiracy to commit bank and wire fraud, and wire fraud, and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1343, 1349, and 1028A.  See United States v. Davis, No. 2:18-cr-20352, Docs. 90, 91 (W.D. Tenn.).  In December 2019, Petitioner was sentenced in the United States District Court for the Eastern District of Arkansas to a 2-month term of imprisonment, consecutive to all previous terms of imprisonment, for one count of possession of a prohibited object by a prison inmate, in violation of 18 U.S.C. § 1791(a)(2).  See United States v. Davis, No. 4:19-cr-296, Doc. 7 (E.D. Ark.).  Fourth, in July 2021, Petitioner was sentenced in the Eastern District of Arkansas to a 5-month term of imprisonment, consecutive to all previous terms of imprisonment, for one count of possession of a prohibited object by a prison inmate, in violation of 18 U.S.C. § 1791(a)(2).  See United States v. Davis, No. 2:21-cr-11, Doc. 17 (E.D. Ark.).  With currently earned and projected Good Conduct Time credits, Petitioner's projected release date is on May 28, 2030.  See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Oct. 8, 2025).

Petitioner claims the BOP has incorrectly determined he is ineligible to earn credits under the FSA.  (Docs. 1, 9).  Specifically, he claims his sentence should not be treated as an aggregate sentence and, while he concedes he is ineligible to earn credits for his section 1791 misdemeanor offenses, he should be eligible for

earned time credits for the sentences imposed for his non-excluded offenses. (Doc. 8 at 3–4). Respondent contends that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies. (Doc. 7 at 3–9). Alternatively, Respondent contends that the Petition should be denied because Petitioner is not eligible for credits under the FSA due to his section 1791 convictions and because he is serving a single, aggregate sentence. (Id. at 9–11).

## ANALYSIS

Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). A court, however, "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. The Court has determined that skipping to the petitioner's merits without reaching the exhaustion requirements is appropriate here. See id.

The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). The FSA directed the Attorney General to develop and release a system for assessing the risks and needs of prisoners. See 18 U.S.C. § 3632(a). Relevant here, the FSA requires the BOP to assign prisoners to appropriate evidence-based recidivism reduction programs or productive activities based on an individualized risk and needs assessment. See 18 U.S.C. §§ 3621(h)(1)(A), 3632(a)–(b). A

prisoner who successfully completes these programs earns additional time credits. 18 U.S.C. § 3632(d)(4)(A). However, prisoners are not eligible to receive these earned time credits if they have been convicted under any of sixty-eight statutory provisions, including a conviction for which Petitioner serves his sentence. 18 U.S.C. § 3632(d)(4)(D). Specifically, Petitioner is ineligible to receive FSA credits due to his convictions under section 1791, "relating to providing or possessing contraband in prison." See 18 U.S.C. § 3632(d)(4)(D)(xxix).

Additionally, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Provision of time credits, like those earned under section 3632, is an administrative function of the BOP. See Chambers v. Warden Lewisburg USP, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes[.]); see also United States v. Llewlyn, 879 F.3d 1291, 1295 (11th Cir. 2018) (describing "computing inmates' credit for time served" as the BOP's administrative duty).

Multiple courts have considered the same question presented here and "found that inmates imprisoned for an eligible offense under the FSA, who are afterward convicted of the ineligible offense of possession of contraband in prison, are ineligible for FSA time credits in aggregate." See Richman v. Graham, No. 9:24-cv-1635, 2024 WL 5507526, at *5 (D.S.C. Dec. 19, 2024), report and recommendation adopted, 2025 WL 732316 (D.S.C. Mar. 7, 2025) (collecting cases); see also Tyler v.

Garrett, No. 24-1147, 2024 WL 5205501, at *1 (8th Cir. Dec. 24, 2024) ("[W]e conclude that the district court did not err in denying Tyler's petition, as the BOP correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him eligibility for FSA credits"). "Because [section] 3632(d)(4)(D) addresses inmates' eligibility to earn time credits, the provision of which is an administrative function, it follows that the word "sentence" cannot be defined without reference to § 3584(c)'s aggregation mandate." Silva v. Warden, FCC Coleman-Low, No. 5:22-cv-629-WFJ-PRL, 2024 WL 98212, at *2 (M.D. Fla. Jan. 9, 2024), reconsideration denied sub nom, 2024 WL 3597155 (M.D. Fla. July 31, 2024). "The interaction of sections 3632 and 3584 is central to defining 'sentence' in § 3632." Id. As the BOP must aggregate sentences for administrative purposes, section 3584(c), and calculating time credits is an administrative function, section 3632, an inmate is serving a single, aggregated sentence. Id.

The Court agrees with the many courts to have considered this issue that Petitioner is ineligible to apply the FSA credits because his two convictions under section 1791 preclude him from doing so. And Petitioner is not eligible to apply the credits towards his other offenses as the BOP properly aggregates his sentence. Because this conclusion is based on the unambiguous interpretation of the statutory provisions, the Court affords no deference to the BOP's interpretation of the statute. See Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 412 (2024) ("Courts must exercise their independent judgment in deciding whether an agency has acted

within its statutory authority[.]"). And to the extent Petitioner contends the BOP's actions violate his constitutional rights, the Court disagrees because Petitioner has no liberty interest in FSA credits. See Richman, 2024 WL 5507526, at *6.

Because Petitioner is ineligible for earned time credits due to his section 1791 convictions and the BOP has correctly aggregated his sentences for administrative purposes, the Petition is denied.[1]

## CONCLUSION

Based on the foregoing, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE AND ORDERED** in Tampa, Florida this 15th day of October 2025.

*/s/ John L. Badalamenti*

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

SA: OCAP-2
Copies: All Parties of Record

---

[1] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition. Schriro v. Landrigan, 550 U.S. 465 (2007). Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474.